**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS ALEJANDRI-RODRIGUEZ,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-00963-RBM-DEB<br><br>**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

On February 15, 2026, Petitioner Luis Alejandri-Rodriguez ("Petitioner") filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

"Petitioner is a native and citizen of Mexico who entered the United States without inspection in or about September 2006."  (Doc. 1 ¶ 1.)  "He was not apprehended at the border and lived in the United States undetected for nearly twenty years."  (*Id*.)  "On January 27, 2026, Petitioner was arrested in the interior of the United States and was subsequently taken into custody by U.S. Immigration and Customs Enforcement ('ICE') officers."  (*Id*. ¶ 27.)

1

Petitioner claims he is detained under section 235(b)(2)(A) of the Immigration and Nationality Act ("INA") based on the Department of Homeland Security's ("DHS") interpretation of the statute, articulated in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id*. ¶ 2.)  Petitioner remains detained at the Otay Mesa Detention Center "without access to an individualized custody hearing under INA § 236(a)."  (*Id*. ¶¶ 1, 4.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his continued detention without a bond hearing violates the INA and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 38–47.)  Respondents concede that Petitioner, as a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), is detained under 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing.  (Doc. 4 at 2.)  While Petitioner argues that his immediate release is the proper remedy (*see* Doc. 5 at 2), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of Petitioner's potential release.  Because the Parties agree that Petitioner is detained under § 1226, the Court finds that Petitioner is entitled to a bond hearing.[1]

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

2

3:26-cv-00963-RBM-DEB

### IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**. To the extent Petitioner requests to be immediately released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within seven days** of the entry of this Order. At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[2] Respondents **SHALL NOT** deny Petitioner's bond on the basis that his detention is governed by the mandatory detention provision under 8 U.S.C. § 1225(b)(2).

2. If no bond hearing is held within that time frame, the Court **ORDERS** that Petitioner be immediately released under reasonable conditions of supervision.

3. Respondents **SHALL FILE** a status report on or before **March 11, 2026**, indicating whether and when Petitioner received a bond hearing, the result of that hearing, and the Parties' respective positions on whether this action may be dismissed as moot.

**IT IS SO ORDERED.**

DATE:  February 25, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)).